Floyd W. Bybee, #012651
BYBEE LAW CENTER, PLC
90 S. Kyrene Rd., Ste. 5
Chandler, AZ 85226-4687
Office: (480) 756-8822
Fax: (480) 302-4186
floyd@bybeelaw.com

Attorney for Plaintiff

UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

| | |
|---|---|
| Anthony Rife;<br><br>　　　Plaintiff,<br><br>v.<br><br>Randolf Ezrre Wholesale Auto Sales, LLC; Randolf Ezrre; Alpha & Omega Auto Sales, Inc.; Arminda Murillo; and Jorge Silva Murillo;<br><br>　　　Defendants. | No.<br><br>COMPLAINT<br><br>(Jury Trial Demanded) |

## I. INTRODUCTION

1. Plaintiff purchased a 2007 Cadillac Escalade ("Escalade") for $15,000 from Defendant Alpha & Omega Auto Sales, Inc., who represented that the Escalade had a clean title with only 135,740 actual miles. A year later, Plaintiff attempted to trade in the Escalade and learned that the title was not clean, and had been branded "Box B" to reflect that the "Mileage [was] in excess of the

1  odometer mechanical limits." A review of the title history on the
2  Escalade revealed that the Defendants had rolled back the
3  odometer and / or participated in providing false odometer
4  disclosures in order to cover up the true status of the mileage on
5  the Escalade.
6  2. Plaintiff brings this action to remedy Defendants' violations of the
7  federal Motor Vehicle Information and Costs Savings Act, also
8  known as the federal Odometer Act, 49 U.S.C. § 32701, *et seq.* (here-
9  in after "the Odometer Act"), for Breach of Express Warranty, and
10 for consumer fraud.

## II. JURISDICTION

12 3. Jurisdiction of this Court arises under 49 U.S.C. § 32710(b) and 28
13 U.S.C. §§ 1331 and 1337.
14 4. Supplemental jurisdiction exists for the pendant state law claims
15 pursuant to 28 U.S.C. § 1367.
16 5. Venue lies in the Phoenix Division of the District of Arizona as
17 Plaintiff's claims arose from acts of the Defendants perpetrated
18 therein.

## III. PARTIES

20 6. Plaintiff is a resident of Pinal County, Arizona.
21 7. Plaintiff is a "transferee" as that term is defined by 49 C.F.R. §
22 580.3.
23 8. Defendant Randolf Ezrre Wholesale Auto Sales, LLC ("Wholesale
24 Auto Sales") is an Arizona limited liability company with its
25 primary place of business located at 89 Via Ensenada, Rio Rico,

|   |   |   |
|---|---|---|
| 1 |     | Arizona 85648. |
| 2 | 9.  | In March 2018, Wholesale Auto Sales was licensed by the Arizona Department of Transportation, Motor Vehicles Division, license number L10721. |
| 5 | 10. | Wholesale Auto Sales' license expired or lapsed on April 29, 2019. |
| 6 | 11. | Wholesale Auto Sales is not currently licensed as a dealership by the Arizona Department of Transportation, Motor Vehicles Division. |
| 9 | 12. | Wholesale Auto Sales is owned and operated by Defendant Randolf Ezrre. |
| 11 | 13. | Mr. Ezrre is sole member of the LLC. |
| 12 | 14. | Upon information and belief, Mr. Ezrre controls, manages, and oversees the day to day operations of Wholesale Auto Sales, including the purchase and sale of used motor vehicles on behalf of Wholesale Auto Sales. |
| 16 | 15. | At all times relevant herein, Mr. Ezrre was liable for the activities and actions taken on behalf of or for Wholesale Auto Sales. |
| 18 | 16. | Wholesale Auto Sales is a "transferor" as defined by 49 C.F.R. § 580.3. |
| 20 | 17. | Defendant Alpha & Omega Auto Sales, Inc. ("Alpha & Omega") is an Arizona corporation with its primary place of business located at 3826 W. Indian School Road, Phoenix AZ 85019. |
| 23 | 18. | Alpha & Omega is licensed by the Arizona Department of Transportation, Motor Vehicles Division, as a used motor vehicle dealership, license number L00007569. |

1  19. Alpha & Omega is owned and operated by Defendants Arminda
2      Murillo and Jorge Silva Murillo.
3  20. Upon information and belief, Defendants Arminda Murillo and
4      Jorge Silva Murillo control, manage, and oversee the day to day
5      operations of Alpha & Omega, including the purchase and sale of
6      motor vehicles on behalf of Alpha & Omega.
7  21. At all times relevant herein, Arminda Murillo and Jorge Silva
8      Murillo were liable for the activities and actions taken on behalf of
9      or for Alpha & Omega.
10 22. Alpha & Omega is a "transferor" as defined by 49 C.F.R. § 580.3.

### III.  FACTUAL ALLEGATIONS

12 23. The Escalade was first put into service on or about May 16, 2006.
13     (Exhibit A: CarFax Vehicle History Report dated June 19, 2019)
14 24. On or about July 25, 2017, Royal Speedway Inc., an automobile
15     dealer in Tucson, Arizona, took title to the Escalade. (Exhibit B:
16     Royal Speedway Title dated July 25, ,2017)
17 25. At the time Royal Speedway took title, the mileage on the Escalade
18     was certified to be 184,430 actual miles. (*Id.*)
19 26. Wholesale Auto purchased the Escalade and took title from Royal
20     Speedway Inc. on or about February 7, 2018. (*Id.*)
21 27. At the time of transfer, Royal Speedway certified on the back of the
22     title that the odometer reading was 184,431 actual miles. (*Id.*)
23 28. Shortly thereafter, on March 7, 2018 Wholesale Auto requested and
24     obtained an Arizona title to the Escalade in its name. (Exhibit C:
25     Wholesale Auto Title dated March 7, 2018, title number

1    0S08018066062)

2    29.   This title showed the mileage of the Escalade to be 184,431 actual
3          miles. (*Id.*)

4    30.   On the same day, March 7, 2018, Wholesale Auto requested and
5          obtained a second title to the Escalade in its name. (Exhibit D:
6          Wholesale Auto Title dated March 7, 2018, title number
7          0S08018066065)

8    31.   This second title showed the mileage of the Escalade to be 135,740,
9          48,691 fewer miles than earlier in the day, and contained a title
10         brand of "Box B", meaning that the "Mileage is in excess of the
11         odometer mechanical limits." (*Id.*)

12   32.   Also, on March 7, 2018, Wholesale Auto sold and transferred title
13         to Alpha & Omega Auto Sales, Inc. (*Id.*)

14   33.   At the time of the sale and assignment of title, Wholesale Auto
15         certified that the odometer reading on the Escalade was 135,740
16         Box B, or beyond mechanical limits. (*Id.*)

17   34.   The Escalade has a seven digit digital odometer which does not
18         exceed its recording limit until it has reached 999,999 miles.

19   35.   Wholesale Auto's odometer certification was false, as the odometer
20         on the Escalade had not exceeded its mechanical or recording limit
21         at that time Wholesale Auto acquired it.

22   36.   While in Wholesale Auto's possession, the odometer reading went
23         from 184,431 to 135,740, a loss of 48,691 miles.

24   37.   While in its possession, Wholesale Auto altered or caused to be
25         altered the odometer reading on Escalade.

1   38.  Wholesale Auto made its false odometer statement with the intent
2        to defraud subsequent purchasers of the Escalade concerning its
3        true mileage.
4   39.  Wholesale Auto knew that subsequent purchasers would rely
5        upon its false odometer disclosure in determining whether to
6        purchase the Escalade, and in determining the value of the
7        Escalade.
8   40.  On or about March 30, 2018, Plaintiff went to Alpha & Omega's
9        dealership on West Indian School Road in Phoenix.
10  41.  Plaintiff was looking for a reliable SUV which would accommodate
11       the needs of his family.
12  42.  While at Alpha & Omega, Plaintiff was shown the Escalade.
13  43.  Plaintiff took the Escalade for a test drive, and it seemed to run
14       well.
15  44.  Throughout the negotiations, Alpha & Omega represented that the
16       Escalade had 135,740 actual miles, as showing on the odometer.
17  45.  No time during the negotiations did Alpha & Omega inform
18       Plaintiff that the Escalade had a branded "Box B" title.
19  46.  No time during the negotiations did Alpha & Omega inform
20       Plaintiff that the odometer reading was not actual miles.
21  47.  As part of the sale, Alpha & Omega completed the odometer
22       disclosure statement on the back of the title stating that the
23       odometer reading on the Escalade showed 135,740 miles, and that
24       the reading was actual miles, meaning no boxes indicating
25       otherwise were marked. (*Id.*)

48. At the time Alpha & Omega provided the odometer disclosure statement, it knew or should have known that the odometer disclosure was false.
49. Alpha & Omega made the false odometer statement with the intent to defraud Plaintiff concerning the true mileage and value of the Escalade.
50. In the spring of 2019, Plaintiff attempted to sell and or trade in the Escalade at various dealerships.
51. Several dealerships told Plaintiff they were not interested in purchasing the Escalade, but gave no specific reason.
52. Finally, Plaintiff went to buy-here pay-here dealership in Mesa, Arizona which showed Plaintiff a CarFax Vehicle History Report on the Escalade.
53. It was pointed out to Plaintiff on the CarFax report that the title was a "Box B" title, and that the mileage on the odometer was not the actual mileage.
54. Defendants knew that the mileage discrepancy and branded title would make the actual value of the Escalade worth much less than the price Plaintiff paid for the vehicle.
55. Defendants knew that a subsequent buyer like Plaintiff would rely upon their false representations concerning the odometer on the Escalade.
56. Plaintiff in fact relied upon the affirmative misrepresentations made by Defendants in making the decision to purchase the Escalade.

1   57.  Plaintiff did not know that the prior odometer disclosures were false, or that the odometer had been rolled back when he purchased the Escalade.

58.  Plaintiff would not have purchased the Escalade had he known the true status of the odometer and mileage of the Escalade.

59.  Plaintiff would not have purchased the Escalade had he known that the title to the Escalade had been branded as a "Box B" title.

60.  As a result of Defendants' actions, Plaintiff has suffered actual damages of no less than $13,000, including loss of value of the vehicle, and for other expenses incurred.

## V.  CAUSES OF ACTION

## CAUSE OF ACTION NO. 1

### Violation of the Federal Odometer Act

(All Defendants)

61.  Plaintiff sets forth the foregoing allegations as if set forth herein.

62.  The foregoing acts and omissions by Defendants violate the federal Odometer Act, 49 U.S.C. § 32701 *et seq.*

63.  Defendants Randolf Ezrre Wholesale Auto Sales, LLC and Randolf Ezrre violated the Odometer Act with the intent to defraud when they altered or otherwise change the odometer in the Escalade to show 48,691 fewer miles while in its possession, and by providing an odometer disclosure statement which was false.

64.  In accordance with 49 U.S.C. § 32710(a) and (b), Plaintiff is entitled to recover from Defendants Randolf Ezrre Wholesale Auto Sales, LLC and Randolf Ezrre, jointly and severally, three times the

1  amount of his actual damages sustained or $10,000.00, whichever is
2  greater, together with reasonable attorney's fees and costs.
3  65. Defendants Alpha & Omega Auto Sales, Inc., Arminda Murillo,
4  and Jorge Silva Murillo violated the Odometer Act with the intent
5  to defraud when providing Plaintiff with an odometer disclosure
6  statement which was false.
7  66. In accordance with 49 U.S.C. § 32710(a) and (b), Plaintiff is entitled
8  to recover from Defendants Alpha & Omega Auto Sales, Inc.,
9  Arminda Murillo, and Jorge Silva Murillo, jointly and severally,
10  three times the amount of his actual damages sustained or
11  $10,000.00, whichever is greater, together with reasonable
12  attorney's fees and costs.
13  67. In case of default, Plaintiff's actual damages are no less than
14  $13,000.

## CAUSE OF ACTION NO. 2

### Breach of Express Warranty

(Defendants Alpha & Omega Auto Sales, Inc., Arminda Murillo, and Jorge Silva Murillo )

19  68. Plaintiff sets forth the foregoing allegations at length as if set forth
20  herein.
21  69. The representations made by the figures on the odometer itself, the
22  advertisement, and by the odometer disclosures given to Plaintiff
23  by Defendants Alpha & Omega Auto Sales, Inc., Arminda Murillo,
24  and Jorge Silva Murillo are each affirmations of fact or promises
25  which became part of the basis of the bargain between Plaintiff and

1  Alpha & Omega Auto Sales, Inc., Arminda Murillo, and Jorge Silva
2  Murillo.
3  70. Those representations were not true.
4  71. Alpha & Omega Auto Sales, Inc. breached its express warranties to
5  Plaintiff.
6  72. As a result of the breach of these express warranties by Alpha &
7  Omega Auto Sales, Plaintiff has suffered actual damages, including
8  losses equal to the difference between the value of the Escalade as
9  warranted and the value of the Escalade as delivered, and other
10  damages.
11  73. Plaintiff is entitled to recover his actual damages.
12  74. Plaintiff' actual damages are no less than $13,000.
13  75. Plaintiff is also entitled to recover his attorney's fees and costs
14  pursuant to A.R.S. 12-341.01.

CAUSE OF ACTION NO. 3:

Violation of Arizona Consumer Fraud Act

(All Defendants)

18  76. Defendants' foregoing acts and omissions constitute violations of
19  the Arizona Consumer Fraud Act, A.R.S. § 44-1521 et seq.
20  (hereinafter "ACFA").
21  77. Defendants used deception, false pretense, false promise, and
22  misrepresentations that the Escalade had 136,740 actual miles on it
23  when in fact the mileage was unknown.
24  78. Defendants' conduct also violates A.R.S. § 44-1223(A)(4) which
25  prohibits selling or offering to sell, with intent to defraud, a motor

- 10 -

1    vehicle on which the odometer does not register the true mileage
2    driven.
3  79. Such deception, false pretense, false promise, misrepresentation,
4    and omission of material information were made in connection
5    with sale of merchandise.
6  80. Defendants intended that Plaintiff rely upon such deception, false
7    pretense, false promise, misrepresentation, and omission of
8    material information.
9  81. In fact, Plaintiff relied on such deception, false pretense, false
10   promise, misrepresentation, and omission of material information,
11   and agreed to purchase the Escalade.
12 82. Plaintiff suffered damages as result of reliance on the deception,
13   false pretense, false promise, misrepresentation, and omission of
14   material information made by Defendants.
15 83. In violating the ACFA, Defendants acted with an evil mind,
16   intending to economically injure Plaintiff, or consciously
17   disregarded the substantial risk that its conduct would cause
18   significant economic harm to Plaintiff.
19 84. Punitive damages are proper because a person who violates A.R.S.
20   § 44-1223(A)(4) shall be guilty of a class 1 misdemeanor.
21 85. Plaintiff is therefore entitled to recover his actual damages, plus
22   punitive damages.
23 86. Plaintiff is also entitled to recover his reasonable attorney's fees
24   and costs pursuant to A.R.S. § 12-341.01.
25 87. In case of default, Plaintiff's actual damages are no less than

$13,000.

88. In case of default, Plaintiff seeks punitive damages of $20,000 as the appropriate amount pursuant to the Due Process Clause of the United States Constitution.

## IV.  DEMAND FOR JURY TRIAL

Plaintiff hereby demands a jury trial on all issues so triable.

## V.  PRAYER FOR RELIEF

WHEREFORE, Plaintiff requests that judgment be entered against Defendants as follows:

a) Statutory damages against Defendants Randolf Ezrre Wholesale Auto Sales, LLC and Randolf Ezrre in the amount of $10,000.00 or three times actual damages, whichever is greater;

b) Statutory damages against Defendants Alpha & Omega Auto Sales, Inc., Arminda Murillo, and Jorge Silva Murillo in the amount of $10,000.00 or three times actual damages, whichever is greater;

c) Actual damages against Defendants Alpha & Omega Auto Sales, Inc., Arminda Murillo and Jorge Silva Murillo for Breach of Warranty;

d) Punitive damages against Defendants for violations of the ACFA;

e) Costs and reasonable attorney's fees against defendants; and

f) Such other relief as may be just and proper.

DATED   July 11, 2019   .

    s/ Floyd W. Bybee
Floyd W. Bybee, #012651
BYBEE LAW CENTER, PLC
90 S. Kyrene Rd., Ste. 5
Chandler, AZ 85226-4687
Office: (480) 756-8822
Fax: (480) 302-4186
floyd@bybeelaw.com

Attorney for Plaintiff